IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHTON DANIEL, R69925, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 24-cv-1512-DWD |
| JOHN PETERSON, | ) |
| DYLAN WILLIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Ashton Daniel, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that in May of 2024, Defendant Peterson used excessive force against him, and Defendant Willis forcibly placed him on a hunger strike. Defendant Willis seeks summary judgment on the exhaustion of administrative remedies (Doc. 31), and Defendant Peterson moved to withdraw (Doc. 33) the affirmative defense. Plaintiff has responded (Docs. 37, 38), and Defendant Willis replied (Doc. 39). For reasons explained in this Order, Willis' Motion (Doc. 31) is granted.

### BACKGROUND

This case was opened when Plaintiff filed a Motion for a Preliminary Injunction on June 14, 2024. (Doc. 1). The Court quickly informed Plaintiff that to proceed, he would need to file a proper complaint (Doc. 6), and Plaintiff complied, signing and submitting

his complaint on June 28, 2024 (Doc. 11). Plaintiff alleges that problems began on May 9, 2024, when he was escorted to investigation status. (Doc. 11 at 7). He asked to see mental health, but instead was placed on crisis watch without further consultation. While on crisis watch, Plaintiff alleges that Defendant Willis prepared a hunger strike declaration on his behalf without his permission. This forced him to miss meals for three days. (Doc. 11 at 11, 18).

The Court allowed Plaintiff to proceed on a single claim against Willis related to the alleged hunger strike issue:

> **Claim 2:** Eighth Amendment claim against Defendant Willis for placing Plaintiff on a hunger strike that he did not request, leading to the deprivation of food for 3 days.

(Doc. 19). Plaintiff was also allowed to proceed on a claim against Defendant Peterson, but Peterson withdrew the affirmative defense of failure to exhaust, so he will not be discussed further in this order.

The parties undertook discovery on the exhaustion of administrative remedies, and in doing so they identified a single grievance relevant to the claim against Willis—grievance no. K7-0624-535.

### FINDINGS OF FACT

Plaintiff submitted grievance K7-0624-585 on May 28, 2024. (Doc. 31-1 at 9-10). In the grievance, he alleged that on May 11, 2024, he was forced on hunger strike by the first shift officer who was assigned to the crisis watch zone of the healthcare unit. He claims he asked multiple officers why he was on hunger strike and told them that he did not sign any hunger strike declaration, but they insisted he had signed and refused to help

him. The grievance was marked as received for review in Plaintiff's cumulative counseling log on June 7, 2024. (Doc. 31-2 at 2). The counseling log further reflected that on July 15, 2024, the counselor forwarded grievance K7-0624-585 to mental health a second time for them to respond. (Doc. 31-2 at 1). Finally, on October 25, 2024, the counseling log noted that mental health answered grievance K7-0624-585, and that the counselor then returned the grievance to Plaintiff on October 28, 2024. (Doc. 31-6 at 1).

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to

exhaust.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).[1]  After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust.  *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018).  The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal.  *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies.  42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740.  "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).  For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code.  20 ILL. ADMIN. CODE § 504.800, et seq. (2017).  An inmate must file a grievance within 60 days of an event, 20 Ill. Admin. Code § 504.810(a), and generally, a grievance officer shall make a report to the Chief

---

[1] This case does not involve intertwinement as contemplated by *Perttu v. Richards*, 145 S.Ct. 1793 (2025).

Administrative Officer within two months of receipt of the written grievance, when reasonably feasible, 20 Ill. Admin. Code § 504.830(e).

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.*

  B. Analysis

As a preliminary matter, the Court grants Defendant Willis's Motion to Amend (Doc. 35), wherein he simply asks to tender a signed copy of a declaration from ARB chairperson John Loftus. The request was made less than a week from the filing of the motion, and it had no apparent impact on Plaintiff's ability to respond.

As to the exhaustion issue, the parties agree that just one grievance is relevant to the claim against Willis—grievance no. K7-0624-535. Plaintiff signed this grievance May 28, 2024, and it was logged as received by the prison's grievance system on June 7, 2024. Rather than wait for the outcome of this grievance, Plaintiff filed this lawsuit, first by lodging a preliminary injunction on June 14, 2024, and then by filing a complaint on June 28, 2024. This strategy is simply unacceptable, because inmates cannot sue first, and exhaust later. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (a premature lawsuit must be dismissed without prejudice, an inmate cannot sue first and exhaust later).

Plaintiff argues that any misstep with his grievance should be excused because the prison only had 60 days to respond to his grievance, and it took them more than 4

months.[2] To support this position, he points to 20 Ill. Admin. Code § 504.830(e), which sets an aspirational processing time of two months when reasonably feasible. Courts have held that the passage of an aspirational grievance processing deadline does not automatically trigger an inmate's right to sue. *See e.g. Reid v. Balota*, 962 F.3d 325, 331 (7th Cir. 2020). The Court must also consider what the inmate knew or could learn about his grievance at the time the aspirational deadline passed. In *Reid*, the Seventh Circuit allowed an inmate to proceed because at the time he filed suit, he had tried to no avail to get information on if a relevant grievance was still being processed, and without a response he had no idea what was happening.

Plaintiff's situation is different in two respects. First, he did not wait for the aspirational 60 days to lapse. He signed his grievance May 28, 2024, and he signed his complaint on June 28, 2024 (Doc. 11 at 10). Thus, he waited less than 60 days for his grievance to potentially be processed. Second, he offers no proof that he made any effort whatsoever to learn the status of the relevant grievance before suing. *See e.g.*, *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019) (finding that an inmate who got no receipt or response to an appeal should have inquired as to the status of the appeal before filing a lawsuit); *Hill v. Bond*, 2015 WL 1166053 at * 4 (N.D. Ill. Mar. 11, 2015) (finding that an inmate did not exhaust remedies where he did not inquire with the ARB about the status of his grievance before filing suit). Against this backdrop, he simply sued too early before giving the grievance process a chance to play out. He also argues that he never got his

---

[2] Plaintiff submitted two response briefs. (Docs. 37, 38). They contain identical contents, but one was submitted digitally via the e-filing system at the prison (Doc. 37), and one was sent via physical mail (Doc. 38).

grievance back from the prison on or after October 28, 2024, but that is irrelevant because his lawsuit was filed too early, and this additional allegation cannot remedy that problem.

For the foregoing reasons, Defendant Willis's Motion for Summary Judgment (Doc. 31) will be granted, and Defendant Willis will be dismissed without prejudice because Plaintiff failed to exhaust administrative remedies against him.

### DISPOSITION

The Motion to Supplement (Doc. 35) and the Motion for Summary Judgment on the issue of exhaustion filed by Defendant Willis (Doc. 31) are **GRANTED**.  Claim 2 is **DISMISSSED** without prejudice for Plaintiff's failure to exhaust his administrative remedies as to Defendant Willis.  The Clerk of Court is **DIRECTED** to enter judgment in Willis' favor at the close of the case.

Defendant Peterson's Motion to Withdraw the Affirmative Defense (Doc. 33) is **GRANTED**.  A merits summary judgment schedule shall issue by separate order.

**IT IS SO ORDERED.**

Dated: August 19, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge